NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RITO CRUZ, AKA Rito Rahin Cruz Sanchez, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  18-72699 <br><br> Agency No. A074-425-351 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021**
Pasadena, California

Before:  O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Rito Cruz, a native and citizen of Mexico, petitions this Court for review of

the Board of Immigration Appeals' denial of his claims for withholding of removal

and for relief under the Convention Against Torture ("CAT"). As the facts are

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

known to the parties, we repeat them only as necessary to explain our decision.

## I

The Board of Immigration Appeals ("BIA") properly concluded that Cruz is ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3). Cruz's proposed social group of "former drug cartel workers who became confidential informants" is not legally cognizable because it lacks "social distinction." *See Reyes v. Lynch*, 842 F.3d 1125, 1129, 1135, 1137 (9th Cir. 2016). Cruz has failed to identify record evidence "showing that *[Mexican] society in general* perceives" such persons "to be a group." *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (B.I.A. 2014)) (emphasis added). Whereas he argues that "*cartels* perceive informants to be a distinct group," we have been explicit in clarifying that "social distinction" is "not . . . assessed from the perspective of the persecutors." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (citing *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020)). Cruz's failure to show "social distinction" is dispositive in establishing that his withholding claim must fail. *See Reyes*, 842 F.3d at 1131 (applying *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

## II

The BIA also properly determined that Cruz is ineligible for relief under CAT. Cruz failed to meet his burden of showing that, if removed to Mexico, "it is

more likely than not that he . . . would be tortured," and that such torture would be "inflicted by[,] at the instigation of[,] or with the consent or acquiescence of a [Mexican] public official acting in an official capacity." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)). Ample record evidence establishes that the Mexican government investigates crimes, arrests cartel members, and takes other actions to combat cartel and gang criminality, including with some success. In light of such evidence, the Mexican government cannot be said to "acquiesce in" torture such as that feared by Cruz, even if some of its initiatives "ha[ve] been generally ineffective in preventing . . . criminal activities." *Id.* at 1034. Accordingly, "substantial evidence" supports the BIA's determination that Cruz "has failed to establish the state action necessary for CAT relief." *See id.* at 1035.

## III

Finally, the BIA properly rejected Cruz's argument that his due-process right to a "full and fair hearing" was violated when the Immigration Judge ("IJ") on remand did not consider new testimony or evidence outside the already-developed record.

Cruz's counsel failed to object to the IJ's decision to proceed on remand without hearing new testimony or admitting new evidence; indeed, his counsel affirmatively *agreed* with the IJ's assessment that "the factual record's been fully

3

developed." As such, Cruz's due-process challenge is waived. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam) ("It is a longstanding principle that . . . each party is deemed bound by the acts of his lawyer-agent . . . ." (internal quotation marks and citations omitted)).

In any event, Cruz's due-process challenge fails on the merits. He has not met his burden of showing that the IJ's "conduct" "prejudiced" him by "potentially affect[ing] the outcome of the proceedings." *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (citations and alteration omitted). Here, Cruz simply *speculates* that if the IJ on remand had allowed him "to present additional testimony regarding either his membership in a particular social group or his objective fear of returning to Mexico," then "any issues regarding these two elements of withholding may have been resolved in [his] favor." But he offers no concrete support for such speculation.

**PETITION FOR REVIEW DENIED.**