**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 4 2021

FOR THE NINTH CIRCUIT

CARLOS BALDERRAMA, AKA Carlos
Balderrama Ramirez,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-71184

Agency No. A206-516-632

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021**
Pasadena, California

Before:  KLEINFELD, HIGGINSON,*** and OWENS, Circuit Judges.

Petitioner Carlos Balderrama, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's legal determinations de novo and factual findings for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Under the substantial evidence standard, we affirm the BIA's decision unless compelled to conclude to the contrary. *Id.*

1. The BIA did not err by concluding that changed or extraordinary circumstances did not justify the delayed filing of Balderrama's asylum application beyond the one-year deadline and that therefore the application is untimely. *See* 8 U.S.C. § 1158(a)(2)(B), (D).

(a) Although Balderrama stated in his asylum application that his delayed filing was due in part to increased levels of crime in Mexico, he did not make that argument before the BIA and therefore it has not been properly exhausted. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that a petitioner exhausts "only those issues he raised and argued in his brief before the BIA"). We therefore lack jurisdiction to review that specific claim. *Id.*

(b) Balderrama also argues that changes in his personal circumstances that increase his risk of persecution justify his delayed application. Specifically, Balderrama claims that he will now be perceived by those in Mexico as having

wealth and ties to the United States because, while living in the United States for many years, Balderrama would send money home to his mother in Mexico.

The BIA did not err in rejecting this argument. Indeed, as discussed by both the IJ and the BIA, Balderrama has presented no evidence that he has been threatened since 1995, or that his mother or family has been threatened at all, for any reason, let alone because of Balderrama's perceived wealth or ties to the United States. *See Vahora v. Holder*, 641 F.3d 1038, 1043 (9th Cir. 2011) (holding that the petitioner demonstrated changed circumstances in part because he presented evidence that increased rioting in his home country "directly impacted" his family "in a very serious fashion").

(c) The BIA properly rejected Balderrama's argument that he was unaware of the need to file for asylum within one year of his most recent arrival to the United States in January 2004 and that this ignorance constitutes an "extraordinary circumstance" justifying his delayed application. *See Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (affirming the BIA's finding that the petitioner's ignorance of the one-year filing deadline did not constitute an extraordinary circumstance); *see also Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("As a general rule, ignorance of the law is no excuse.").

2. Turning to Balderrama's application for withholding of removal, the BIA did not err by concluding that his proposed particular social groups are not

3

cognizable.

An applicant for asylum or withholding of removal can establish eligibility for relief if he proves that he will be persecuted on account of his membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 356-57 (9th Cir. 2017). To demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (BIA 2014)). "[W]hether a group constitutes a 'particular social group' is a question of law." *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014)).

(a) As the BIA concluded, Balderrama's first proposed particular social group is not cognizable because past and possible future work as a truck delivery driver is not an "immutable" characteristic. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). Indeed, Balderrama has not worked as a delivery driver since he left Mexico in 1996 and has worked for close to a decade as a cook in the United States. It is thus clear that being a delivery driver is neither beyond Balderrama's power to change nor fundamental to his identity. *See id.*; *see also*

*Macedo Templos v. Wilkinson*, No. 15-73122, 2021 WL 455329, at *5 (9th Cir. Feb. 9, 2021) ("[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity.")

(b) We also agree with the BIA that Balderrama's second proposed particular social group, which consists in relevant part of persons perceived as wealthy due to a history of sending money to their mothers, is not cognizable because it is neither "particular" nor "socially distinct." The proposed group is overbroad, as it is possible that many immigrants send money or provide other support to family members who remain in their home countries. *See Matter of W-G-R*, 26 I. & N. Dec. 208, 214 (BIA 2014) (holding that "particularity" requires that a group "must not be amorphous, overbroad, diffuse, or subjective"); *Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir. 2005) ("Key to establishing a 'particular social group' is ensuring that the group is narrowly defined."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Nor does the proposed group have "clear boundaries" because it does not define how much support a person needs to provide in order to be perceived as wealthy. *See Reyes* 842 F.3d at 1135. Furthermore, the record supports the BIA's conclusion that Balderrama did not provide sufficient evidence to demonstrate "that members of the proposed group would be perceived as a group by society." *Id.* at 1136 (citation omitted); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir.

5

2016) (holding "that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group").

3. Finally, the BIA did not err in rejecting Balderrama's application for CAT protection on the ground that Balderrama failed to establish that it is more likely than not that he will be tortured upon returning to Mexico. *See* 8 C.F.R. § 1208.16(c)(2). The BIA did not err in concluding that the past harm allegedly suffered by Balderrama—a robbery and attempted robbery, as well as being shot at—did not rise to the level of torture and thus cut against Balderrama's claim that he was likely to be tortured in the future. *See id.* § 1208.18(a)(1)-(2) (defining torture); *id.* § 1208.16(c)(3) (describing that "[e]vidence of past torture inflicted upon the applicant" is a relevant consideration for evaluating the possibility of future torture).

The petition for review is DENIED.