**NOT FOR PUBLICATION**

**FILED**

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL PABLO GOMEZ, | No.    19-70792 |
| Petitioner, | Agency No. A208-312-039 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021[**]
Pasadena, California

Before:  GRABER, MILLER, and LEE, Circuit Judges.

Miguel Angel Pablo Gomez petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

denial of his application for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252(a)(1). We grant the petition in part, deny it in part, and remand for further proceedings.

1. Our precedent forecloses the argument that the immigration judge lacked jurisdiction because the notice to appear did not specify the time, place, or location of the hearing. "[T]he jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." *United States v. Bastide-Hernandez*, 986 F.3d 1245, 1248 (9th Cir. 2021).

2. Pablo Gomez's placement in standard removal proceedings without a credible-fear interview did not violate due process. "The government has discretion to place noncitizens in standard removal proceedings even if the expedited removal statute could be applied to them." *Flores v. Barr*, 934 F.3d 910, 916 (9th Cir. 2019). And because Pablo Gomez was "given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application," he received all that due process requires. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007). In any event, Pablo Gomez cannot show prejudice. *See id.* at 926. If Pablo Gomez had been given a credible-fear interview and found credible, he would have received "full consideration" of his claims in a standard removal hearing—the very process he received from the outset by bypassing the agency's

2

expited removal procedures. *See Department of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1964–66 (2020) (citation omitted).

Nor did the immigration judge lack jurisdiction under 8 C.F.R. § 208.2(b). Section 208.2(b) provides that an immigration judge "shall have exclusive jurisdiction over asylum applications filed by an alien who has been served a . . . Form I-862, Notice to Appear"—the form with which Pablo Gomez was served.

3. The immigration judge did not abuse her discretion or violate due process by denying Pablo Gomez's motion for a continuance. The agency permissibly relied upon the fact that Pablo Gomez filed his continuance request only three days before his merits hearing; that the agency had granted him prior continuances; and that his counsel had represented him for three months but had apparently done nothing more to obtain Pablo Gomez's files than email prior counsel. *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (holding that an immigration judge may consider the inconvenience to the court and the number of continuances previously granted). Pablo Gomez has not shown that his attorney's "lack of preparation occurred despite a diligent good faith effort," nor "that any additional evidence he [would have presented was] probative, noncumulative, and significantly favorable." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (B.I.A. 1983). The agency "sufficiently outlined why good cause did not exist," so there was no abuse of discretion. *Hui Ran Mu*, 936 F.3d at 936.

3

4.    Substantial evidence supports the agency's decision that Pablo Gomez's proposed particular social group of "male indigenous agricultural workers between the age of 10 and 25 with no father or male support" lacks social distinction. Pablo Gomez points to no evidence showing that Guatemalan society perceives the group to be distinct. *See Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020).

5.    The Board correctly declined to consider Pablo Gomez's new proposed particular social group of "family, indigenous, gang/crime oppression, and witness to crime" because he failed to raise it before the immigration judge. Pablo Gomez previously proffered only two particular social groups: "kinship" and the group related to his status as an indigenous agricultural worker. The Board lacks authority to consider a new particular social group in the first instance. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (B.I.A. 2018); 8 C.F.R. § 1003.1(d)(3)(iv)(A). And to the extent that Pablo Gomez alleges separate groups for each of the characteristics in his new formulation, he has forfeited all of them except "family."

6.    Pablo Gomez has not shown that his membership in his proffered particular social groups was at least "a reason" for any past persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Pablo Gomez's testimony shows that the criminal group harassed him only because it wanted to

4

conscript him and steal his money. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). And while Pablo Gomez said that his older siblings and mother were subject to harassment by the same people, the record does not compel the conclusion that their harassment was on account of their family ties.

7. The Board erred in evaluating Pablo Gomez's CAT claim because it "ignored pertinent evidence in the record"—Pablo Gomez's credible testimony that he had twice reported his past abuse to the police, but they had refused to help him and demanded money to take a report. *Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018). CAT's implementing regulations require the agency to consider "all evidence relevant to the possibility of future torture." *Id.* (quoting 8 C.F.R. § 1208.16(c)(3)). The agency thus could not rely solely "on national efforts to combat drug cartels and the corruption of public officials in order to find that 'the government' would not acquiesce in any torture." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1185 (9th Cir. 2020). That is especially so given that the country conditions evidence shows that official corruption and impunity remain significant problems in Guatemala.

Because "the BIA conducted its own review of the evidence and law rather than simply adopting the immigration judge's decision . . . our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia*

5

*v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). But even if we construed the Board's decision as adopting that of the immigration judge, the immigration judge considered Pablo Gomez's testimony about the police only in finding that the "officials . . . did not harm" Pablo Gomez. That is not the standard. Pablo Gomez needed to show only that a public official would consent to or acquiesce in his future torture. 8 C.F.R. § 1208.18(a)(1). We remand for the agency to reconsider Pablo Gomez's CAT claim, accounting for all relevant evidence. Costs shall be taxed against the respondent.

**PETITION GRANTED in part, DENIED in part, and REMANDED.**