NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES WUANERGI CASTILLO
BARRIOS; MARIA DEL ROSARIO
BARRIOS FUENTES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-71731

Agency Nos. A208-201-696
A208-201-695

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioners James Wuanergi Castillo Barrios ("Barrios") and Maria del

Rosario Barrios Fuentes ("Barrios Fuentes"), natives and citizens of Guatemala,

seek review of the Board of Immigration Appeals' ("BIA") order denying their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018), we deny the petition.

1. Substantial evidence supports the BIA's denial of Barrios's asylum claim.[1] To be eligible for asylum, Barrios must show that he is "unable or unwilling to return to" his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1). To establish persecution "on account of" a protected ground, a petitioner must "produce evidence from which it is reasonable to believe that the harm was motivated, *at least in part*, by an actual or implied protected ground." *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009) (citation omitted). Barrios has failed to meet this burden here. He asserts that he faces persecution based on his "immediate familial relationship." Membership in a family group can sometimes constitute a protected ground. *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). But even once membership in a particular social group is established, an applicant must show that "persecution was or will be *on account of* his

---

[1] As the BIA noted, Petitioner Barrios Fuentes applied only for withholding of removal and CAT relief.

2

membership in such group." *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). Here, Barrios offers no evidence that he was or will be persecuted based on his membership in a family group.

2. Because Barrios has not met his burden of proof for asylum, substantial evidence also supports the BIA's denial of withholding of removal under its "more stringent standard." *Cordoba v. Barr*, 962 F.3d 479, 483 (9th Cir. 2020); *see also Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) ("[A]n applicant who is unable to show a reasonable possibility of future persecution necessarily fails to satisfy the more stringent standard . . . for withholding of removal." (simplified)). And because Barrios Fuentes seeks withholding of removal based on the same facts, her claim also fails.

3. Substantial evidence also supports the BIA's denial of CAT relief. "To establish entitlement to protection under CAT, a petitioner must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). The torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). Nothing in the record shows that public officials would instigate, consent to, or acquiesce in the violence that Petitioners fear they will face at the hands of gang members. Petitioners suggest that the police made no effort to stop

the gang threats, because the threats continued after Petitioners' reports to the authorities. But mere speculation about governmental acquiescence, without more, does not warrant CAT relief. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is not sufficient to satisfy the applicant's burden.").

**DENIED.**