**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EDGAR RENE CORDOBA,
                                *Petitioner*,

                    v.

WILLIAM P. BARR,
                                *Respondent.*

No. 17-71655

Agency No.
A096-085-156

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2020\*
San Francisco, California

Filed June 16, 2020

Before: Johnnie B. Rawlinson and Consuelo M. Callahan,
Circuit Judges, and Robert S. Lasnik,\*\* District Judge.

Opinion by Judge Lasnik

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

## SUMMARY***

### Immigration

Denying a petition for review of the Board of Immigration Appeals' denial of asylum and withholding of removal, the panel held that the Board properly concluded that petitioner's proposed social group of "wealthy landowners" in Colombia is not cognizable because it lacks particularity and social distinction.

The panel explained that to have the social distinction necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group. The panel concluded that petitioner failed to establish that "wealthy landowners" in Colombia are somehow set-apart, or distinct from other persons within the society in some significant way, and that petitioner's failure to tie his persecutors' perceptions of "wealthy landowners" to any broader notions of Colombian society was fatal to his claim.

### COUNSEL

Susan E. Hill, Hill & Piibe Immigration Attorneys, Los Angeles, California, for Petitioner.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Imran R. Zaidi, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

LASNIK, District Judge:

This case calls upon us to decide whether "wealthy landowners" in Colombia constitute a particular social group for purposes of asylum and withholding of removal. For the reasons set forth below, we conclude that they do not.

I.

A.

Edgar Rene Cordoba is a native and citizen of Colombia who applied for and was denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He alleges that he and his family were persecuted by the Revolutionary Armed Forces of Colombia ("FARC") due to their status as wealthy landowners. The additional relevant facts underlying Cordoba's applications for relief are summarized in our prior decision in this matter, *Cordoba v. Holder*, 726 F.3d 1106, 1109–11 (9th Cir. 2013) (hereinafter "*Cordoba I*").

B.

We previously affirmed the Board of Immigration Appeals' ("BIA") denial of Cordoba's applications for CAT relief and for asylum to the extent they were based on persecution on the basis of his political opinion. *See id.* at 1117 n.3. However, we granted Cordoba's petition for

review of his asylum and withholding of removal claims in part and remanded to the BIA for reconsideration of whether Cordoba's proposed particular social group of wealthy landowners in Colombia is cognizable in light of our decision in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). *See Cordoba I*, 726 F.3d at 1117.

In remanded proceedings, the IJ again denied Cordoba's applications for asylum and withholding of removal. The BIA adopted and affirmed the IJ's decision, agreeing that Cordoba failed to establish that "wealthy landowners" in Colombia constitute a cognizable particular social group, and dismissing Cordoba's appeal. Cordoba again petitions this Court for review.

## II.

We have jurisdiction over Cordoba's petition for review under 8 U.S.C. § 1252(a)(1). "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *See Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted). We review the agency's factual findings for substantial evidence, but review "*de novo* both purely legal questions and mixed questions of law and fact requiring us to exercise judgment about legal principles." *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012) (internal quotation marks and citations omitted). "Whether a group constitutes a 'particular social group' is a question of law." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014) (citation omitted).

### III.

We agree with the BIA that Cordoba has not established the requisite particularity or social distinction for his proposed particular social group of "wealthy landowners" in Colombia.

### A.

Under the Immigration and Nationality Act ("INA"), the Attorney General may, in his discretion, grant asylum to applicants determined to be refugees. *See* 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as an individual who is "unable or unwilling to return to [his last country of residence] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Cordoba I*, 726 F.3d at 1108 (quoting 8 U.S.C. § 1101(a)(42)(A)).

### B.

In *Henriquez-Rivas* and *Cordoba I*, we commented that "the perception of the persecutors may matter the most" in ascertaining whether a particular social group is cognizable for purposes of asylum or withholding of removal. *Henriquez-Rivas*, 707 F.3d at 1089; *see also Cordoba I*, 726 F.3d at 1115. However, after we issued *Henriquez-Rivas* and *Cordoba I*, two companion precedential BIA decisions clarified the elements underlying the agency's particular social group analysis. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014); *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).

In *Matter of M-E-V-G-*, the BIA clarified that,

> [A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is
>
>> (1) composed of members who share a common immutable characteristic,
>>
>> (2) defined with particularity, and
>>
>> (3) socially distinct[1] within the society in question.

*Matter of M-E-V-G-*, 26 I. & N. Dec. at 237. We have since accorded *Chevron* deference to the particular social group factors elucidated in *Matter of M-E-V-G-*. *See Reyes v. Lynch*, 842 F.3d 1125, 1133–37 (9th Cir. 2016). In *Reyes*, we deferred to the BIA's determination that "[t]o have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Matter of W-G-R-*, 26 I. & N. Dec. at 217; *see also Reyes*, 842 F.3d at 1136 ("[T]he proper inquiry is whether a proposed particular social group's shared characteristic or characteristics would generally be recognizable by other members of the community, or whether . . . the proposed group would be perceived as a group by society." (quoting *Henriquez-Rivas*, 707 F.3d at 1088–89 (internal quotation marks and citation

---

[1] The BIA previously defined this factor as "social visibility," but renamed it "social distinction" to eliminate any misconception that a particular social group must be characterized by "'ocular' or 'on-sight' visibility." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 236.

omitted))). While the BIA has indicated that the persecutor's perspective "may be relevant" to the extent "it can be indicative of whether society views the group as distinct," it has also emphasized that "the persecutors' perception is not itself enough to make a group socially distinct, and persecutory conduct alone cannot define the group." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 242 (citations omitted); *see also Reyes*, 842 F.3d at 1136 (deferring to the BIA's "social distinction" requirement).

## C.

Applying the particular social group analysis, the agency correctly concluded that Cordoba's arguments, and the majority of the evidence he submitted, pertain to FARC's perception of wealthy landowners rather than to Colombian society's perception of the purported group. *See Reyes*, 842 F.3d at 1136. For example, rather than link FARC's views to those of Colombian society generally, Cordoba offers a history of FARC and its "Marxist" origins, and makes broad, unsupported allegations about Marxism in Colombia. Further, Cordoba's evidence of "his name on deeds, titles to property, and other business documents" establishes property ownership, but does not evince Colombian societal views regarding that ownership.

Cordoba has not established that "wealthy landowners" in Colombia are somehow "set-apart, or distinct from other persons within the society in some significant way." *Matter M-E-V-G-*, 26 I. & N. Dec. at 238. His failure to tie FARC's perceptions of "wealthy landowners" to any broader notions of Colombian society at each stage of his proceedings is fatal to his petition for review. *See, e.g.*, *id.* at 244; *Reyes*, 842 F.3d at 1136. Accordingly, he has not established eligibility for asylum based on membership in his proposed

particular social group. *Matter of M-E-V-G-*, 26 I. & N. Dec. at 237.

## IV.

Because we affirm the BIA's determination that Cordoba has not established a cognizable particular social group, we need not address whether he established the requisite nexus between the asserted persecution and his status as a wealthy landowner in Colombia. *See Reyes*, 842 F.3d at 1132 n.4; *see also Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (citation omitted).

## V.

In addition, because Cordoba has not met his burden of proof for asylum under the INA, the agency correctly denied his application for withholding of removal under the more stringent standard. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir. 2001) (emphasizing that the standard "for withholding of removal is more stringent than the well-founded fear standard governing asylum" (citation omitted)).

## VI.

For all the foregoing reasons, we hold that the BIA properly determined "wealthy landowners" in Colombia do not constitute a cognizable particular social group for purposes of asylum and withholding of removal under the INA. The agency properly denied Cordoba's applications for relief.

**PETITION DENIED.**