**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN ROEL RODRIGUEZ AROCHE, | No. 18-71135 |
| Petitioner, | Agency No. A205-060-050 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2020**
Pasadena, California

Before: IKUTA and BENNETT, Circuit Judges, and WOODLOCK,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Douglas P. Woodlock, United States District Judge for the District of Massachusetts, sitting by designation.

Marvin Roel Rodriguez Aroche (Petitioner) petitions for review of the March 23, 2018 Order of the Board of Immigration Appeals. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

With respect to asylum and withholding of removal, the record does not compel the conclusion that Petitioner successfully demonstrated that he had a well founded fear of persecution on the basis of his asserted membership in three separate social groups. Those groups, as defined by him, have amorphous and diffuse characteristics. The groups were defined as (a) individuals associated with the transportation industry, *cf. Cordoba* v. *Barr*, 962 F.3d 479, 483 (9th Cir. 2020) (wealthy landowners in Columbia not shown to be cognizable particular social group), and Petitioner's own association with those individuals, while family related, was attenuated; (b) returned migrants, *cf. Garay Reyes* v. *Lynch*, 842 F.3d 1125, 1138–40 (9th Cir. 2016) (deportees from the United States to El Salvador not cognizable particular social group); *Ramirez-Munoz* v. *Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (imputed wealthy Americans removed to Mexico not cognizable particular social group); (c) individuals who have defied criminal gangs, *see Henriquez-Rivas* v. *Holder*, 707 F.3d 1081, 1091–94 (9th Cir. 2013) (en banc) (characterizing cases involving only generalized opposition to gang activity as providing insufficient basis to identify a cognizable particular social group).

With respect to the Convention Against Torture, the record does not compel the conclusion that Petitioner successfully demonstrated that he would more likely than not be subject to torture, as defined by the Convention, with the acquiescence of persons acting in an official capacity. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016).

**PETITION DENIED**.