**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ARMANDO BERGANZA LINARES, AKA Joe Aguilar, AKA Hector Linares,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  18-71558<br><br>Agency No. A094-203-154<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020[**]
Pasadena, California

Before:  CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Hector Armando Berganza Linares, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of removal.  Our jurisdiction is governed by 8 U.S.C.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We dismiss the petition in part, and deny it in part.

1. An application for asylum must be filed within one year of the applicant's arrival in the United States, unless the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). While the court generally retains jurisdiction over colorable legal or constitutional claims, *id.* § 1252(a)(2)(D), it lacks jurisdiction to review the BIA's factual determination regarding the existence of such circumstances. *See id.* § 1158(a)(3). Linares acknowledges that his application was not timely, but contends that threats allegedly made to Linares's uncle in El Salvador shortly before Linares filed his application constituted changed circumstances that materially affected his eligibility for asylum. *See* 8 U.S.C. § 1158(a)(2)(D). The BIA rejected Linares's argument and upheld the finding of the immigration judge ("IJ") that Linares had not presented adequate evidence that these threats had actually occurred, or explained how they were connected to Linares in a way that would justify his untimely filing. Linares disputes the BIA's findings, but fails to raise a colorable legal or constitutional claim on this point. The court thus lacks jurisdiction to decide this issue, and this portion of Linares's petition is dismissed. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

**2.**     Linares next argues that the BIA's adverse credibility determination was not supported by substantial evidence, claiming that the inconsistencies in his written and oral testimony identified by the IJ were immaterial.  Credibility is assessed by "[c]onsidering the totality of the circumstances, and all relevant factors," including "the consistency between the applicant's or witness's written and oral statements."  8 U.S.C. § 1158(b)(1)(B)(iii).  Adverse credibility determinations are reviewed for substantial evidence, and the BIA's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (internal quotations omitted) (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)).  Here, the IJ's findings are supported by substantial evidence in the record, including: (1) inconsistencies between Linares's written application and his testimony at his immigration hearing; (2) Linares's evasive explanations for those inconsistencies; and (3) Linares's failure to disclose key evidence supporting his claims prior to the hearing.  Linares has not shown that the BIA's adverse credibility determination is not supported by substantial evidence, and his petition on this point is denied.

**3.**     Linares also challenges the BIA's finding that the threats against him and his uncle did not rise to the level of past persecution, creating a presumption of a future threat of persecution for purposes of establishing his entitlement to

withholding of removal.  8 C.F.R. § 1208.16(b)(1)(i).  But Linares's argument is supported only by his own testimony, which the BIA reasonably found to lack credibility.

Even assuming Linares's testimony to be credible, however, this argument still fails.  The BIA's finding is reviewed for substantial evidence.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  "[C]redible death threats alone can constitute persecution," but they do so "in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm."  *Id.* (internal quotations omitted) (quoting *Lim v INS*, 224 F.3d 929, 936 (9th Cir. 2000)).  Although Linares asserts that the threats caused him to immediately leave El Salvador, there is no suggestion that Linares or his uncle were ever actually harmed or that the threats continued to escalate.  Neither Linares nor his uncle ever attempted to contact the police for assistance dealing with the situation.  Moreover, Linares did not submit any evidence from his uncle or any other witness corroborating the threats.  Linares has not shown that substantial evidence does not support the BIA's finding that these incidents did not rise to the level of past persecution.

4.      Finally, Linares argues the BIA erred in finding that he did not establish past persecution on account of a cognizable particular social group, and in finding that he did not establish future harm on account of membership in that

4

group, which he defines as family members of landowners in El Salvador. 8 C.F.R. § 1208.16(b)(2). "Whether a group constitutes a particular social group is a question of law." *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (internal quotations omitted) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014)). To obtain relief based on membership in a particular social group, the petitioner "must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)) (footnote omitted). But Linares presented no evidence that members of his asserted social group are perceived by the general population to be a distinct class. *See id.* Thus, his proposed group fails as a matter of law.

Further, even if Linares was a member of a cognizable social group, the BIA determined that he had not established a nexus between the threats he received and his membership in that group. This determination is reviewed for substantial evidence. *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018). Linares's own testimony supports the conclusion that Linares was targeted because of his intervention into a robbery investigation, and not because he happened to be related to his landowner uncle. The BIA did not err in determining that Linares had failed to establish a likelihood of persecution were he to return to El Salvador.

The petition for review is **DISMISSED** in part and **DENIED** in part.