NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISON REYES-ARMAS; DAYRY GUILLIBELY POLANCO-ARMAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   15-71100 <br><br> Agency Nos.   A087-998-233 <br>                    A087-998-234 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Alison Reyes-Armas ("Reyes-Armas") and Dayry Guillibely Polcano-

Armas, natives and citizens of Honduras, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not err in concluding that Reyes-Armas failed to establish membership in a cognizable social group. *See Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (to demonstrate social group membership, the applicant "must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)); *see also Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016) (rejecting the proposed social group of "former members of Mara 18 gang in El Salvador who have renounced their gang membership").

Substantial evidence also supports the agency's conclusion that both petitioners failed to establish that they would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An

alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, the petitioners' asylum and withholding of removal claims fail.

The petitioners do not challenge the agency's determination that they failed to establish eligibility for CAT protection. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**