**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO LEMUS-HERNANDEZ,
AKA Agapito Fernando Lemus-Hernandez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-71546

Agency No. A098-916-915

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2021
Submission withdrawn May 25, 2021
Resubmitted September 10, 2021
Portland, Oregon

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and BLOCK,**
District Judge.

Fernando Lemus-Hernandez petitions for review of a decision by the Board

of Immigration Appeals ("BIA") denying his applications for withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

removal and relief under the Convention Against Torture ("CAT"). For the following reasons, we deny the petition.

1. Lemus-Hernandez applied for withholding of removal based on membership in a particular social group ("PSG") consisting of "nuclear family members of landowners in Guatemala." To demonstrate membership in a PSG, an applicant must prove, *inter alia*, that the group is "socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). "To have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014). While Lemus-Hernandez testified that a "criminal organization" targeted his family because of its large landholdings, the IJ appropriately concluded that he did not offer sufficient evidence that *Guatemalan society* perceives either landowners in general or his family in particular as a distinct group. *See Cordoba v. Barr*, 962 F.3d 479, 483 (9th Cir. 2020). ("[The BIA has] emphasized that 'the persecutors' perception is not itself enough to make a group socially distinct, and persecutory conduct alone cannot define the group.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 242)).

2. Substantial evidence also supports the IJ's conclusions (1) that Lemus-Hernandez does not face a sufficient risk of torture to qualify for CAT

2

relief, and (2) that such conduct would not be carried out with the consent or acquiescence of the Guatemalan government.

**PETITION FOR REVIEW DENIED.**