**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIDISBET MONDRAGON-GUTIERREZ, | No. 17-72976 |
| Petitioner, | Agency No. A206-449-314 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022**
Phoenix, Arizona

Before: PAEZ, CLIFTON, and WATFORD, Circuit Judges.
Concurrence by Judge CLIFTON.

Hidisbet Mondragon-Gutierrez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's (IJ) denial of her applications for withholding of removal and protection under the Convention Against Torture. We deny the petition.

1. The BIA erred in holding that Mondragon-Gutierrez's past harm did not rise to the level of persecution. Our case law makes clear that "some forms of physical violence are so extreme that even *attempts* to commit them constitute persecution." *Kaur v. Wilkinson*, 986 F.3d 1216, 1223–24 (9th Cir. 2021) (emphasis in original). Sexual assault, which involves "a severe violation of bodily integrity and autonomy," is one such form of violence. *Id.* at 1222. The agency erred in dismissing Mondragon-Gutierrez's experience as not rising to the level of persecution simply because the man who sought to assault her "did not actually do so." This is particularly true because the attempted assault occurred in the context of a kidnapping at gunpoint, which also involves "the extreme loss of bodily autonomy" and is enough alone to constitute persecution. *Id.* at 1223. Mondragon-Gutierrez credibly testified as to the armed kidnapping and attempted sexual assault, explained that her attackers were members of the same group that had been extorting her family for years, and noted that her assailants threatened to kill her if her family did not pay. Considering the "totality of the circumstances," *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004), her testimony establishes past harm rising to the level of persecution.

Nonetheless, substantial evidence supports the agency's determination that Mondragon-Gutierrez failed to establish past persecution on account of a protected ground.[1]  To qualify for withholding of removal, an applicant bears the burden of demonstrating that she will be persecuted in the country of removal on account of her race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1229a(c)(4)(A)(i), 1231(b)(3)(A); 8 C.F.R. § 1208.16(b).  When an applicant relies on membership in a social group as the basis for withholding, she also bears the burden of identifying the group and demonstrating that it constitutes a cognizable particular social group.  *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016).

During the hearing before the IJ, Mondragon-Gutierrez's attorney affirmatively declined to assert membership in any particular social group as a reason for the harm she suffered.  Nevertheless, the agency understood Mondragon-Gutierrez to be asserting membership in a social group of "middle class" people or "middle class in Mexico who are subject to extortion."  The BIA correctly held that "[a] social group comprised of the working or middle class of the country lacks the requisite particularity because the outer limits of such a group

---

[1] Although Mondragon-Gutierrez frames her arguments as due process violations, they are in substance substantial evidence challenges to the IJ's and BIA's decisions.

are poorly defined and the determination of wealth is subjective." *See id.* at 1229; *Cordoba v. Barr*, 962 F.3d 479, 483 (9th Cir. 2020).

On appeal to the BIA, Mondragon-Gutierrez attempted to raise membership in her family social group as a protected ground. Although her family social group was the basis of the asylum officer's reasonable fear determination, the BIA properly declined to address that argument because Mondragon-Gutierrez did not present it to the IJ. Because the family social group claim was not properly presented to the agency, we lack jurisdiction to rule on it now.

**2.** Substantial evidence supports the agency's determination that Mondragon-Gutierrez has not established that torture by or with the acquiescence of the government is more likely than not on return to Mexico. *Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021). Although her past harm amounts to persecution, the record does not compel a finding that she is more likely than not to suffer the kinds of extreme harm that rise to the level of torture. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147–48 (9th Cir. 2021). Moreover, even assuming that she faces the requisite level of risk, her generalized assertions that the police cooperate with the gangs do not compel the conclusion that the government would participate in or acquiesce to her torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

17-72976, *Mondragon-Gutierrez v. Garland*

CLIFTON, Circuit Judge, concurring in part and concurring in the judgment

I agree with the result reached by the majority but write separately because, in my view, the agency's finding that the petitioner's past harm did not rise to the level of persecution was supported by substantial evidence. Although her ordeal was undoubtedly horrific, "we ask not whether a reasonable factfinder *could* have found the harm the petitioner experienced sufficient to establish persecution, but whether a factfinder would be compelled to do so." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quotation marks and citation omitted). I do not think a reasonable factfinder would be compelled to reach a different result on this record. For that reason, I concur in part and concur in the judgment.

1