NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIA GASPAR-MIGUEL, | No. 21-70502 |
| Petitioner, | Agency No. A213-130-220 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2023**
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ,*** District Judge.

Julia Gaspar-Miguel, a native and citizen of Guatemala, petitions for review

from the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and Convention Against Torture protection ("CAT"). The agency dismissed her appeal because, among other reasons, the "threats and recruitment attempts experienced" by Petitioner do not rise to the level of persecution, and Petitioner did not establish a well-founded fear of future persecution. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review the denial of asylum, withholding, and CAT protection for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Under this standard, the agency's action should be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted). Because the BIA adopted the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and provided its own analysis, we review both the IJ's and BIA's decisions. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020).

1.      To qualify for asylum, Petitioner must show past persecution or a well-founded fear of future persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Persecution is an "extreme concept that does not include every sort of treatment our society regards as offensive." *Id.*

Here, substantial evidence supports the BIA's decision that the verbal threats and harassment Petitioner experienced do not amount to persecution. The gang

2

approached Petitioner at least five times to recruit her to sell drugs and prostitute herself, and threatened to kill her and her family if she reported the incidents to the police or left the area. However, the gang members never physically harmed Petitioner or any of her family or friends, including her family that remains in Guatemala. Thus, we cannot say that any reasonable adjudicator would be compelled to conclude that Petitioner suffered persecution. *See id.* at 1026-28 (holding that substantial evidence supported the BIA's determination of no past persecution where the petitioner was threatened by armed cartel members but was not harmed).

Assuming the argument is not forfeited, the record similarly does not compel a conclusion contrary to the IJ's decision that Petitioner did not show a well-founded fear of future persecution. "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if . . . it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Petitioner's sister, who was similarly harassed by the same gang, has not been targeted since she moved to another part of the country. Thus, the IJ's finding that Petitioner can reasonably relocate to another part of Guatemala and that she is therefore ineligible for asylum is supported by substantial evidence.

2.      To be eligible for withholding of removal in the absence of past persecution, Petitioner must show that she is "more likely than not" to be persecuted upon removal. 8 C.F.R. § 1208.16(b)(2). Because Petitioner does not show a well-founded fear of future persecution—a lower standard than more likely than not—she necessarily fails to show eligibility for withholding of removal. *See Duran-Rodriguez*, 918 F.3d at 1029.

3.      Substantial evidence also supports the agency's holding that Petitioner is not eligible for CAT protection. Petitioner did not show that she is more likely than not to be tortured with the consent or acquiescence of public officials. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**