**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE LEONARDO RAMIREZ, | No. 19-71960 |
| Petitioner, | Agency No. A099-531-493 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2023
San Francisco, California

Before: McKEOWN, BYBEE, and FORREST, Circuit Judges.

Jose Leonardo Ramirez, a native and citizen of El Salvador, seeks review of

the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). We review de novo the BIA's legal

conclusions, *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018), including

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

whether a "particular social group" is cognizable, *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020). Factual findings are reviewed for substantial evidence. *Parada*, 902 F.3d at 908. To the extent that the BIA incorporated the IJ's reasoning, we review both decisions. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we grant in part, deny in part, and remand.

Ramirez contends that the BIA erred in denying his applications for asylum and withholding of removal because it improperly rejected his proposed particular social group of "individuals erroneously perceived as gang members." The IJ found that the proposed group "ha[d] not been defined or delineated with particularity" and lacked an "immutable characteristic" or a "showing that such a group is perceived as such in the country of El Salvador." The BIA offered a brief affirmation of the IJ's findings and conclusion on this issue, followed by a string of citations that included *Matter of E-A-G-*, 24 I. & N. Dec. 591 (B.I.A. 2008).

The BIA's cursory analysis and reliance on *Matter of E-A-G-* conflicts with our recent decision in *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 897 (9th Cir. 2021). There, we overruled *Matter of E-A-G-* as inconsistent with the requisite "case-by-case determination" of whether a particular society recognizes a proposed group. *Vasquez-Rodriguez*, 7 F.4th at 897–98 (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)). In Vasquez-Rodriguez's appeal, the BIA erred by conflating *perceived* with *actual* gang membership and by "adopt[ing] a legal rule

2

categorically barring people erroneously perceived to be gang members from recognition as a particular social group." *Id.* Although the BIA did not have the benefit of *Vasquez-Rodriguez* at the time it reviewed Ramirez's appeal, its decision replicated the same reversible error. Thus, we grant Ramirez's petition for review with respect to his asylum and withholding of removal claims and remand to the agency to conduct an evidence-based, case-by-case determination of Ramirez's potential particular social groups consistent with *Vasquez-Rodriguez*. Accordingly, we do not reach the issue of whether Ramirez established past or future persecution. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021).

Substantial evidence supports the BIA's denial of Ramirez's CAT claim. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). When, as here, "an applicant posits *multiple theories* for why he would be tortured, the Agency should consider the aggregate risk posed by all sources and grant CAT relief if the cumulative probability of torture is greater than 50 percent." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022). Ramirez argues that the BIA erred by failing to address all of the evidence in the record and evaluate the risk of torture in the aggregate. But the BIA need not "individually identify and discuss every piece of evidence," *Hernandez v. Garland*,

3

52 F.4th 757, 770 (9th Cir. 2022), since "we apply a 'presumption that the BIA did review the record,'" *id.* at 771 (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006)). Nonetheless, the BIA did address Ramirez's multiple grounds for CAT relief. Ramirez has not overcome the required presumption or proffered probative evidence that the violence that he fears would amount to torture. Nor has Ramirez demonstrated that the IJ's multi-factor analysis of his ability to relocate in El Salvador was insufficient. Thus, we affirm the BIA's denial of Ramirez's CAT claim.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**

Each party shall bear its own costs on this petition for review.