NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN MENCHACA ORTIZ, | No. 21-1223 |
| Petitioner, | Agency No. A090-485-255 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Petitioner Martin Menchaca Ortiz ("Menchaca"), a native and citizen of
Mexico, petitions pro se for review of a Board of Immigration Appeals'
("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial
of withholding of removal and protection under the Convention Against Torture
("CAT"). As the parties are familiar with the facts, we do not recount them
here. We deny the petition.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (citation omitted). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's denial of withholding of removal because Menchaca failed to demonstrate a nexus between the alleged persecution and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that crime motivated by theft or random violence by gang members "bears no nexus to a protected ground").

2. Because Menchaca did not raise his CAT claim before the BIA, we decline to consider it and deny this portion of the petition. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (declining to consider issue that the petitioner failed to exhaust before the BIA).

3. The BIA properly rejected Menchaca's argument that the IJ violated

his due process rights by failing to adequately develop the record. *See Hussain v. Rosen*, 985 F.3d 634, 642–45 (9th Cir. 2021) (stating that a "petitioner facing removal 'is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf'" and holding that the IJ adequately developed the record (citation omitted)). We note that though Menchaca appears pro se before this court, he was represented by counsel before the IJ and the BIA. *Cf. Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (stating that due process's full and fair hearing requirement includes the IJ's duty to "fully develop the record" by "scrupulously and conscientiously prob[ing] into . . . all the relevant facts" when a petitioner appears pro se (citations omitted)).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**