**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDY OTILIO CASTRO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-800<br><br>Agency No.<br>A077-317-345<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023[**]
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Fredy Otilio Castro, a native and citizen of Guatemala, petitions for review

of the dismissal by the Board of Immigration Appeals of his appeal of the denial of

his applications for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Convention Against Torture by an Immigration Judge. We deny the petition for review.

Where the BIA cites *Matter of Burbano,* 20 I. & N. 872 (BIA 1994), and does not disagree with any part of the IJ's decision, we review the IJ's opinion as if it were the BIA's. *Kwong v. Holder,* 671 F.3d 872, 876 (9th Cir. 2011). Denials of asylum, withholding of removal, and CAT claims are reviewed for substantial evidence. *Duran-Rodriguez v. Barr,* 918 F.3d 1025, 1028 (9th Cir. 2019).

Castro does not challenge the IJ's dispositive conclusion that his application was untimely. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996). "Our review is limited to those grounds explicitly relied upon by the [BIA]," so we may not consider Castro's arguments about the merits of his asylum claim. *Diaz-Reynoso v. Barr,* 968 F.3d 1070, 1075 (9th Cir. 2020) (quotations omitted).

Castro has also forfeited review of the denial of withholding of removal. His arguments are directed to nexus, but the IJ relied on his failure to establish a cognizable particular social group ("PSG"). In any event, Castro did not establish a cognizable PSG. A PSG must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Cordoba v. Barr,* 962 F.3d 479, 482 (9th Cir. 2020) (quoting *Matter of M-E-V-G-,* 26 I. & N. Dec. 227, 237 (BIA 2014)). His proposed

PSG of "Guatemalan Male fleeing gang violence" was not defined with particularity in the proceedings before the IJ, and the record does not support the conclusion that the group is socially distinct in Guatemalan society.

The IJ also determined that Castro was ineligible for CAT relief, and the evidence did not compel a contrary conclusion. CAT eligibility requires a showing that the applicant will more likely than not be subjected to torture, by or with the acquiescence of a public official or other person acting in an official capacity, in the country of removal. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). Castro stated that he had been targeted for murder in 2003, but also testified that he had never been physically harmed in Guatemala, let alone tortured. His assertion that "the government cannot control [the violence in Coatepeque]" was unsupported by the evidence. *See Andrade-Garcia v. Lynch,* 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**