NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JUANA TORRES SUAREZ; SABINO ALEXANDER HERRERA TORRES; ROSA GUADALUPE HERRERA TORRES, | No. 23-2038 |
|  | Agency Nos. A216-270-359 A216-270-360 A216-270-361 |
| Petitioners, |  |
| v. |  |
|  | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2024[**]
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

Juana Torres Suarez, a native and citizen of Mexico, and her two derivative

beneficiary children (collectively, "Torres Suarez") petition for review of a Board

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of Immigration Appeals (BIA) decision dismissing their appeal from an Immigration Judge (IJ) order denying Torres Suarez's applications for asylum and withholding of removal.[1] We review the BIA's legal determinations de novo. *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024). We review its factual findings for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To be eligible for asylum, Torres Suarez must demonstrate "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Torres Suarez must show "that it is more likely than not" that she will be persecuted if returned to Mexico "because of" membership in a particular social group or other

---

[1] Torres Suarez does not challenge the BIA's denial of relief under the Convention Against Torture. We thus do not address that claim here.

protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017);

*see also* 8 U.S.C. § 1231(b)(3).

For both forms of relief, Torres Suarez must show a nexus between the feared

harm and a protected ground.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–48

(9th Cir. 2021).  For asylum, this requires showing that the protected ground will be

"one central reason" for the harm.  8 U.S.C. § 1158(b)(1)(B)(i).  For withholding,

Torres Suarez must show that the protected ground will be "a reason" for the harm.

*Barajas-Romero*, 846 F.3d at 360.  In this case, we conclude that substantial

evidence supports the denial of asylum and withholding of removal and that the

agency's decisions do not reflect legal error.

*First*, whether we review the issue de novo or for substantial evidence, Torres

Suarez's experiences in Mexico, while unfortunate, did not rise to the level of past

persecution.  Persecution "is an extreme concept that means something considerably

more than discrimination or harassment."  *Sharma*, 9 F.4th at 1060 (quoting

*Donchev v. Mukasey*, 533 F.3d 1206, 1213 (9th Cir. 2009)).  Torres Suarez claims

that she was followed by cartel members while campaigning on behalf of a political

candidate.  But Torres Suarez was not subject to physical violence, nor was she

threatened or detained.  *See id.* at 1060–62.  And while Torres Suarez points to the

experiences of her family members, some of whom have experienced gang violence

and threats from cartel members, these incidents were not "part of 'a pattern of

persecution closely tied to'" the petitioner herself. *Id.* at 1062 (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)). Nor did Torres Suarez demonstrate a pattern or practice of persecution of similarly situated persons in Mexico.

*Second*, Torres Suarez did not show an "objectively reasonable" fear of future persecution based on her political affiliation. *Id.* at 1065. Torres Suarez offered insufficient evidence that she has been threatened or harmed on that basis, or that she will be in the future. Contrary to Torres Suarez's suggestion, the agency's decision did not erroneously hold that past persecution is a prerequisite to a well-founded fear of future persecution. Instead, the IJ found that Torres Suarez had not provided evidence supporting an objectively reasonable belief that future persecution would occur.

*Third*, the record supports the agency's determination that Torres Suarez failed to demonstrate a nexus between her past or feared future harm and her proposed social groups. The agency permissibly determined that the harms to Torres Suarez's family members were the result of generalized gang violence, which does not provide the required nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Nor did the agency apply the incorrect nexus standard for withholding of removal. The IJ cited *Barajas-Romero*, 846 F.3d at 359, and acknowledged that the nexus standard for withholding of removal is less demanding than that for asylum. The IJ simply found that Torres Suarez did not meet this less

demanding standard because she "failed to demonstrate any nexus between possible harm in Mexico and a protected ground."

**PETITION DENIED.**[2]

---

[2] Torres Suarez's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.