NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARA NOEMI VENTURA-RIVAS;
OSCAR ALEXANDER LAZO-
VENTURA,

　　　　　Petitioners,

　v.

PAMELA BONDI, Attorney General,

　　　　　Respondent.

No. 24-235

Agency Nos.
A220-203-636
A220-203-637

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2025[**]
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

　　　Sara Noemi Ventura-Rivas and her minor son petition for review of the Board

of Immigration Appeals' (BIA) dismissal of their appeal from an immigration

judge's (IJ) denial of asylum, withholding of removal, and relief under the

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).[1] We deny the petition.

Where the BIA summarily adopts and affirms the IJ without opinion, as it did here, "we 'review the IJ's decision as if it were the BIA's decision.'" *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we reverse a factual finding only if "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting 8 U.S.C. § 1252(b)(4)(B)).[2]

1.    ***Asylum and Withholding of Removal.*** For both asylum and statutory withholding of removal claims, a petitioner must demonstrate "[past] persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) (citation omitted). For a particular social group to be cognizable, it must have an immutable characteristic, be defined with particularity,

---

[1] Ventura-Rivas's son is a derivative beneficiary of his mother's asylum application.

[2] The government argues that Ventura-Rivas has waived any right to judicial review because she failed to "meaningfully challenge" the IJ's decision in her opening brief. Assuming without deciding that Ventura-Rivas has not waived her right to review, we address her claims on the merits.

and be socially distinct. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020). A well-founded fear of persecution must be subjectively genuine and objectively reasonable, meaning it "requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021).

Ventura-Rivas asserts that she will be persecuted if removed based on her membership in the social group of "individuals taking concrete steps to oppose gang membership and gang authority," and she challenges the IJ's conclusion that her proposed social group is not cognizable. We affirm because Ventura-Rivas makes only a conclusory argument and her proposed social group is not cognizable. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc) (concluding that while "those *who had testified against* M–18 gang members in open court" constituted a cognizable social group, a group of "persons opposing gang members" likely did not).

Because failure to demonstrate membership in a cognizable social group is an independent basis for denying asylum and withholding of removal, we do not address whether Ventura-Rivas established the requisite nexus between her proposed social group and alleged persecution. *Cordoba v. Barr*, 962 F.3d 479, 483 (9th Cir. 2020).

24-235

2.    ***CAT Relief.*** For relief under CAT, Ventura-Rivas must "establish that it is more likely than not that . . . she would be tortured if removed to" El Salvador. 8 C.F.R. § 1208.16(c)(2). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

On appeal, Ventura-Rivas maintains that she fears she will be beaten or killed by the gang members, and that "El Salvador's lack of enforcement of its laws encourages the MS-13 Street gang to rape and kill . . . and in effect amounts to acquiescence, by the government." The country-conditions report corroborates Ventura-Rivas's arguments that there is substantial gang violence in El Salvador, but as the IJ properly noted, it also demonstrates that El Salvador is taking concrete steps to combat these issues. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). Thus, we conclude the record does not compel a determination that the Salvadoran government is likely to consent or acquiesce to torture, and we affirm the IJ's denial of CAT protection.

**PETITION DENIED.**