**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MOHSEN HAGHIGHATPOUR, | No. 25-2623 |
| Petitioner, | |
| v. | Agency No.<br>A023-387-462 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Petitioner Mohsen Haghighatpour seeks review of a Board of Immigration

Appeals ("BIA") decision affirming the immigration judge's ("IJ's") denial of his

applications for asylum from Iran and Germany, withholding of removal to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Germany, and protection under the Convention Against Torture ("CAT") from Iran and Germany. "Where, as here, the BIA cites *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (citation modified). "We review the agency's factual findings for substantial evidence, but review *de novo* both purely legal questions and mixed questions of law and fact requiring us to exercise judgment about legal principles." *Id.* at 481—82 (citation modified). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1.  The BIA provided adequate reasoning when it adopted and affirmed the IJ's decision. Indeed, the "BIA's citation to *Burbano* signals that it has conducted an independent review of the record and has exercised its own discretion in determining that its conclusions are the same as those articulated by the IJ." *Maie v. Garland,* 7 F.4th 841, 846 n.2 (9th Cir. 2021) (citation modified). Because we presume that the BIA independently reviewed the record in its entirety, the BIA had no obligation to address every issue and piece of record evidence. *See id.* In any event, contrary to Petitioner's contention, the BIA specifically addressed the IJ's findings and relevant record evidence regarding credibility, past persecution, and the likelihood of future persecution or torture.

2.     Germany is an appropriate alternative country of removal because it is "[t]he country from which [Petitioner] was admitted to the United States," 8 U.S.C. § 1231(b)(2)(E)(i). Petitioner's assertion that Germany would not accept him does not disturb this conclusion. Under 8 U.S.C. § 1231(b)(2)(E), a country's "[n]onacceptance [of the person ordered removed] may surely be one of the factors considered in determining whether removal to a given country" is advisable; however, the agency is not required to consider this factor, nor is it "dispositive" of whether the designation of an alternative country of removal is appropriate. *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 342 (2005).

3.     The BIA correctly held that Petitioner forfeited his challenge to the IJ's denial of his applications for asylum on discretionary grounds. To avoid forfeiting an argument or issue, a petitioner must put the BIA "sufficiently on notice so that it had an opportunity to pass on th[e] issue." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citation and internal quotation marks omitted). Petitioner's brief before the BIA did not state that he was challenging the IJ's discretionary denial, nor did it address most of the underlying issues bearing on the IJ's discretionary determination. Because Petitioner did not put the BIA on notice

that he was challenging the IJ's discretionary denial of his applications for asylum, Petitioner forfeited the issue.[1]

4.      The record does not compel the conclusion that Petitioner is entitled to withholding of removal to Germany based on his fear of persecution by Iranian agents in Germany on account of his former membership in the Iranian secret police ("SAVAK"). For a withholding of removal application "[t]o succeed, an applicant must show a 'clear probability' of persecution because of a protected ground. Demonstrating a clear probability requires objective evidence that it is more likely than not that the applicant will be subject to persecution upon deportation." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (citation modified). An applicant can satisfy this evidentiary burden either by "demonstrat[ing] past persecution," which creates "a rebuttable presumption [] that she has a well-founded fear of future persecution," or by showing that "her claimed fear of future persecution is both 'subjectively genuine' and 'objectively reasonable.'" *Id.* at 1143 (citation omitted).

Substantial evidence supports the agency's finding that, even assuming the credibility of Petitioner's testimony about the death threats he received in

---

[1] Upholding the IJ's discretionary determination is a sufficient basis to affirm the agency's denial of asylum. *See Cordoba*, 962 F.3d at 482. We therefore do not reach Petitioner's argument that the IJ erred when it determined that he is statutorily ineligible for asylum from Iran and Germany.

Germany, the threats do not rise to the level of past persecution. Indeed, "death threats alone constitute persecution in only a small category of cases," typically "where threats are specific and combined with confrontation or other mistreatment." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation modified). The threats Petitioner received were vague, anonymous, and confined to a two-week period almost thirty years ago. And Petitioner does not allege that he saw any Iranian agents in person or that the agents attempted to fulfill their threats.

Nor does the record compel the conclusion that Petitioner's fear of persecution in Germany is objectively reasonable. Petitioner presents only conclusory expert testimony stating that Iranian agents might harm him in Germany and generalized references to past incidents in which Iranian agents in Europe targeted former members of SAVAK. Petitioner does not claim that Iranian agents have contacted or attempted to locate him in the past 28 years. Even if Petitioner had shown a clear probability of persecution in Germany, the record does not compel the conclusion that the German government would be unwilling or unable to protect him. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (applicant for withholding must show *both* a clear probability of persecution *and* that the persecution will be "committed by the government, or by forces that the government [is] unable or unwilling to control") (citation omitted).

Indeed, Petitioner's own expert witness testified that the German government "certainly" and "absolutely" investigates and prosecutes Iranian agents who seek to harm individuals in Germany.[2]

5.     The record does not compel the conclusion that Petitioner is entitled to withholding of removal to Germany based on his fear that Germany would deport him to Iran where he would experience persecution. Because Petitioner presented no evidence that he would be ineligible for asylum or another form of protection for refugees in Germany, substantial evidence supports the agency's finding that it is not more likely than not that, if removed to Germany, Germany would deport Petitioner to Iran. Petitioner therefore has not shown that it is more likely than not that removal to Germany would cause him to experience persecution in Iran.

For the same reason, the record does not compel the conclusion that Petitioner is entitled to CAT protection from Germany based on his fear that Germany would deport him to Iran where he would experience torture. "The same 'more likely than not' standard applies to CAT protection as it does to withholding of removal; however, for CAT protection, the harm feared must meet the definition of torture." *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010);

---

[2] Because Petitioner is not eligible for withholding of removal on this basis even if his testimony is credible, we do not reach Petitioner's challenge to the agency's determination that he did not testify credibly.

*see also Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021). Because substantial evidence supports the finding that it is not more likely than not that Germany would deport Petitioner to Iran, Petitioner has not shown that it is more likely than not that removal to Germany would cause him to experience torture in Iran.

**PETITION DENIED.**[3]

---

[3] Petitioner's Motion to Stay Removal (Dkt. No. 3) is denied upon issuance of the mandate.