

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CESAR GOMEZ-MOCINO, | No. 20-73558 |
| Petitioner, | Agency No. A205-297-674 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 19, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and MORRIS,*** District
Judge.

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***      The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Petitioner Cesar Gomez-Mocino, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision to affirm the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review" both the BIA's and the IJ's decision. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). "We review the agency's factual findings for substantial evidence, but review *de novo* . . . purely legal questions[,]" including "[w]hether a group constitutes a particular social group." *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020) (citations and internal quotation marks omitted).

1. We lack jurisdiction to review the IJ's finding that Gomez-Mocino's asylum application is time-barred. *See* 8 U.S.C. § 1158(a)(3).[2] In any event, substantial evidence supports the agency's determination that Gomez-Mocino's

---

[1] Gomez-Mocino does not petition for review of the denial of his application for cancellation of removal.

[2] Gomez-Mocino waived any challenge to the determination of untimeliness by failing to raise the argument before the BIA or this court. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). For the same reason, Gomez-Mocino has also waived his claim for humanitarian asylum.

proposed social group of "Mexican citizens returning to Mexico after residing in the United States for an extended period of time" is not cognizable, and Gomez-Mocino did not establish past persecution. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting a similar proposed social group); *see also Antonio v. Garland*, 58 F.4th 1067, 1073 (9th Cir. 2023) (noting that "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (citation, alteration, and internal quotation marks omitted)).

    **2.**    Substantial evidence supports the denial of withholding of removal because Gomez-Mocino failed to establish a well-founded fear of future persecution. *See Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022). "The ongoing safety of [Gomez-Mocino's] family members [in Mexico] undermines a reasonable fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021); *see also Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (explaining that failure to establish eligibility of asylum generally results in a failure to satisfy the more stringent standard for withholding of removal); *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017) (clarifying that when a petitioner does not establish persecution on account of any protected ground, the nexus analysis under asylum and withholding of removal claims is the same).

**3.**     Finally, substantial evidence supports the denial of CAT relief because Gomez-Mocino failed to establish that he, in particular, is more likely than not to be tortured if removed to Mexico. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018). Gomez-Mocino's generalized evidence of violence and crime in Mexico, including his fear of gangs and being coerced into voting, the attempted kidnapping of his brother, and the country conditions, "is insufficient to establish prima facie eligibility for protection under the CAT." *Id.* (citation and alterations omitted).

**PETITION DENIED in part and DISMISSED in part.**