**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN ALEXANDER ALAS-VELASQUEZ, | No.   22-1181 |
| Petitioner, | Agency No. A206-762-877 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2022[**]
San Francisco, California

Before:  CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Edwin Alexander Alas-Velasquez ("Alas"), a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing an appeal from an order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings, including the agency's determination that a petitioner does not qualify for asylum or withholding of removal, under the highly deferential "substantial evidence" standard. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021); *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), *superseded by statute on other grounds*, 8 U.S.C. § 1252(b)(4)(B). A factual finding "is not supported by substantial evidence when 'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1.      Substantial evidence supports the agency's conclusion that Alas failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to establish membership in a cognizable social group, "[t]he applicant must 'establish that the group is (1) composed of members who

2

share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). In rejecting Alas' proposed social groups of "Salvadorans who have witnessed and reported gang crimes to law enforcement" or "imputed affiliation with rival gangs," the agency determined that Alas failed to provide evidence that Salvadoran society perceived his proposed groups as socially distinct. Substantial evidence supports this conclusion. *See Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) ("To have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014))); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (petitioner presented no evidence that Guatemalan society recognizes persons who report gang activity to police as a distinct social group).

2.     Alas argues that the IJ violated his due process rights by not meaningfully explaining why Alas' alleged persecution lacked a nexus to a protected ground. This argument fails because Alas did not establish membership in a cognizable social group, a prerequisite to the nexus determination. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show substantial

3

prejudice, or that the alleged violation "affected the outcome of the proceedings," for a due process violation).

3.      Substantial evidence also supports the agency's conclusion that Alas has failed to establish an objectively reasonable fear of persecution. The agency concluded that the evidence did not establish that the gang members would remember Alas if he returned to El Salvador or that their threat extended beyond where the gang members encountered Alas on the bus. Nothing in the record compels us to reach a contrary conclusion.[1] *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (petitioner must "adduc[e] credible, direct, and specific evidence in the record" that supports a fear of persecution).

4.      Alas did not contest the agency's findings regarding his CAT claim in his briefing before this Court and has forfeited this claim. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (affirming general rule that the court does not review claims absent from opening brief).

**PETITION DENIED.**[2]

---

[1] Because substantial evidence supports the agency's conclusions that Alas failed to (1) identify a cognizable social group and (2) establish a well-founded fear of persecution, we need not address whether the agency erred in its conclusions on relocation or the Salvadoran government's willingness or ability to protect Alas.

[2] The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Dkt No. 2) is otherwise denied as moot.