**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LLULION VAZQUEZ-MATUL,

               Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.    20-70162

Agency No. A208-196-613

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022[**]
Anchorage, Alaska

Before: HURWITZ, BRESS, and H.A. THOMAS, Circuit Judges.

Llulion Vazquez-Matul, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of

an Immigration Judge (IJ) order denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA's decision for substantial evidence, *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021), and "must uphold the agency determination unless the evidence compels a contrary conclusion," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     To be eligible for asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" his persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) ("The applicant must demonstrate a nexus between her past or feared harm and a protected ground.").

Vazquez-Matul argues that he will be persecuted based on membership in the particular social group of his "family" because his grandfather and uncle were killed in Guatemala and because he was bullied. The BIA assumed that Vazquez-Matul's proposed family-based social group is cognizable but agreed with the IJ that the record did not establish that Vazquez-Matul would be persecuted in Guatemala on that basis. Substantial evidence supports that determination. Although the murders

2

of his relatives were tragic, Vazquez-Matul and his mother both testified that they do not know who killed his grandfather or uncle and do not know why they had been killed. Nor did Vazquez-Matul present evidence establishing why his family, in particular, would be targeted in the future. A fear of generalized crime and violence or poor conditions in Guatemala does not supply the required nexus. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that attacks that are motivated by "random violence" bear no nexus to a protected ground).[1]

2. Vazquez-Matul failed to make any colorable argument or cite any authority regarding the denial of withholding of removal or CAT protection in his opening brief. We therefore decline to reach those issues. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). The BIA also found that Vazquez-Matul failed to meaningfully challenge the IJ's denial of withholding of removal and CAT relief before the Board on appeal, and Vazquez-Matul has not shown any error in that determination.

**PETITION DENIED.**

---

[1] Vazquez-Matul raises various additional arguments in support of his asylum claim, but we limit ourselves to nexus, which was the BIA's basis for denying relief. *See Garcia*, 988 F.3d at 1142 ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").