NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO H. CASTRO RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-617 <br><br> Agency No. A095-006-823 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2023**
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Petitioner Mario Castro Rodriguez ("Castro"), a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") adopting and affirming the immigration judge's ("IJ's") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (alteration in original) (citation omitted). Reviewing the agency's findings of fact for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), we deny the petition for review.

1. To be eligible for asylum, an applicant must establish that he has suffered persecution or has a well-founded fear of persecution "on account of" a protected ground, which is also known as the "nexus" requirement. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Substantial evidence supports the agency's determination that Castro failed to show his eligibility for asylum due to his inability to establish a nexus between his membership in the particular social group of the Rodriguez family and any past or future persecution.

Here, Castro failed to provide evidence that he or his mother has suffered

persecution because of their familial ties. Although Castro suffered an assault by gang members in 1995, he admitted during his testimony that the assault occurred because he refused to join their gang. While his mother, who still resides in El Salvador, was extorted twice and had the title to her house stolen, there is no evidence that these events took place because of her membership in the Rodriguez family; further, Castro testified that the gangs were doing things like this with everyone.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (stating that "harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

2. Likewise, substantial evidence supports the agency's denial of withholding of removal because Castro provided no evidence of nexus. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017) (noting that the nexus requirement for withholding of removal is less demanding than the nexus requirement for asylum, but that where "there was no nexus at all," there is "no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding statute").

3. Substantial evidence also supports the agency's finding that Castro was

---

[1] Because substantial evidence supports the lack of nexus, we do not reach the agency's determination that Castro's asylum application was time-barred, or the government's argument that this court should summarily dismiss because Castro waived any challenge to the agency's finding that he failed to show the Salvadoran government was or would be unable or unwilling to protect him from persecution.

not eligible for CAT protection. To qualify for CAT protection, the applicant must "establish that it is more likely than not that he . . . would be tortured," by or with the acquiescence of the government, "if removed to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Additionally, the applicant "must demonstrate that he would be subject to a '*particularized threat* of torture.'" *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citation omitted).

Here, Castro failed to compel the conclusion that he would be subjected to a "particularized threat of torture" upon return to El Salvador. While he contends that the country reports clearly illustrate that the Salvadoran government acquiesces in the torture of people like himself, the agency also considered the particular evidence that the Salvadoran police attempted to control the people who were extorting his mother.

4. Finally, Castro's argument that the BIA employed an incorrect standard of review is unpersuasive. Because the BIA noted that it reviews the IJ's findings of fact for clear error, and then reviewed for clear error, the BIA applied the proper standard of review. *See Ridore v. Holder*, 696 F.3d 907, 911, 919 (9th Cir. 2012); 8 C.F.R. § 1003.1(d)(3)(i).

The stay of removal will remain in place until the mandate issues.

**PETITION DENIED.**