NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRICELDA LISBETH DIAZ-ROSALES; ELMER ALEXANDRIA QUINTEROS-FUENTES; KIMBERLIN ARACELY QUINTEROS-DIAZ,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-2686<br><br>Agency Nos.<br>A203-767-412<br>A203-767-411<br>A203-767-413<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2024[**]
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Petitioners Gricelda Lisbeth Diaz-Rosales and Elmer Alexandria Quinteros-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fuentes,[1] natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals' ("BIA") decision dismissing their appeal of an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"We review the agency's factual findings for substantial evidence" and its legal conclusions de novo. *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020).

1.    To obtain asylum, Petitioners must "demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation and internal quotation marks omitted). "Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Flores Molina v. Garland*, 37 F.4th 626, 633 (9th Cir. 2022) (quoting *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998)). Only the fear of future persecution is relevant here.[2] Accordingly,

---

[1] Petitioners did not file a separate asylum application for their child, who is a derivative beneficiary. *See* 8 U.S.C. § 1158(b)(3)(A). No derivative relief is available under withholding of removal or CAT. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013) (withholding); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (CAT).

[2] During the administrative proceedings, Petitioners claimed to have experienced past persecution and to hold fears of future persecution. The IJ found that Petitioners

Petitioners "must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citation omitted).

The agency found that Petitioners failed to satisfy the objective prong of the fear-of-future-persecution inquiry, and the record does not compel a contrary conclusion. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185–88 (9th Cir. 2006) (applying the substantial evidence standard to the agency's findings regarding the fear of future persecution). Petitioners remained in El Salvador for ten months, without relocating, after Quinteros-Fuentes was initially threatened, and no members of the family received any further threats from the gang during that time. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (finding no fear of future persecution when petitioners remained in Fiji for two years after an isolated incident); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (refusing to disturb the agency's finding on future persecution based on a single, isolated incident). Petitioners argue that the agency overlooked evidence regarding the risks faced by the particular social group that Quinteros-Fuentes claimed to be a member of: "[f]ormer truckers in El Salvador who refused to cooperate with El Salvadoran gang members." But even assuming

---

failed to demonstrate past persecution, and the BIA concluded that Petitioners waived any challenge to that finding by failing to brief it on administrative appeal. Petitioners do not challenge those determinations here.

that the proposed group is cognizable, nothing in the country reports that Petitioners cite suggests that *former* drivers have an objectively reasonable fear of future persecution.

Further, because Petitioners fail to establish a well-founded fear of future persecution for purposes of asylum, their withholding claims fail as well. *See Duran-Rodriguez*, 918 F.3d at 1029 ("To qualify for withholding of removal, an applicant must satisfy a more stringent standard and demonstrate that it is 'more likely than not' he would be persecuted on account of a protected ground if returned to the designated country. Because [the petitioner] has not established eligibility for asylum, it necessarily follows that he has not established eligibility for withholding." (internal citation omitted)).

2. The BIA agreed with the IJ's conclusion that Petitioners failed to establish their eligibility for CAT relief because they did not demonstrate that they would be tortured with the acquiescence of a government official if returned to El Salvador. Petitioners fail to challenge that conclusion here. They have thus forfeited the issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (holding that arguments not raised in a petition for review are forfeited). And because acquiescence is a necessary element of a CAT claim, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023), Petitioners' forfeiture of the issue means we must deny the petition as to the claim for CAT relief.

**PETITION DENIED.**