NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARINA LISSETH CHAVEZ-SEGOVIA; GUSTAVO ALEXIS HERNANDEZ-CHAVEZ; JONATHAN GABRIEL HERNANDEZ-CHAVEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2343

Agency Nos.
A201-410-077
A201-410-078
A201-410-079

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024[**]
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.

Karina Lisseth Chavez-Segovia and her minor children (collectively, "Chavez-Segovia"), citizens of El Salvador, petition for review of a Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals (BIA) decision dismissing their appeal of an Immigration Judge (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We review the denial of asylum and withholding of removal for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation and quotation marks omitted). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (quotation marks and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To be eligible for asylum, Chavez-Segovia must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). This requires showing that the protected ground will be "one

---

[1] Petitioners have not challenged the denial of CAT protection, and that claim is therefore waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (issues not raised in opening brief are waived).

central reason" for the harm.  8 U.S.C. § 1158(b)(1)(B)(i).  To establish eligibility for withholding of removal, Chavez-Segovia must show "that it is more likely than not" that she will be persecuted if returned to El Salvador "because of" membership in a particular social group or another protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3).  For withholding of removal, Chavez-Segovia must show that the protected ground will be "a reason" for the harm.  *Barajas-Romero*, 846 F.3d at 360.  In the case of both asylum and withholding of removal, Chavez-Segovia must show that the persecution "must have been 'committed by the government' or, as relevant here, 'by forces that the government was unable or unwilling to control.'"  *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez*, 850 F.3d at 1062).

We conclude that substantial evidence supports the denial of asylum and withholding of removal.

*First*, the agency found that Chavez-Segovia failed to demonstrate that any future persecution would be at the hands of the government of El Salvador or forces that the Salvadorian government was unable or unwilling to control.  Chavez-Segovia did not challenge this dispositive determination in her opening brief.  This issue is thus waived.  *See Corro-Barragan*, 718 F.3d at 1177 n.5.  Regardless, substantial evidence supports the agency's finding.  Chavez-Segovia does not point to past or feared persecution at the hands of the government, and she did not report

23-2343

the incident involving her son to police.

*Second*, substantial evidence supports the IJ's finding that Chavez-Segovia's proposed particular social group of "Salvadorian women victimized by gangs" is not cognizable because it is impermissibly circular. An applicant for asylum or withholding of removal claiming persecution based on membership in a particular social group must show "that the group is: (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024) (citation and quotation marks omitted). But a particular social group cannot be "defined exclusively by the fact that its members have been subjected to harm." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014)). Chavez-Segovia's proposed group suffers from this circularity problem. And even if the group were cognizable, Chavez-Segovia has not shown she was a member of the proposed group because the one incident she points to involved a gang member bumping into her son, which was not "victimization" by the gang.

*Third*, as the BIA noted, Chavez-Segovia's petition also fails for lack of nexus, because the one incident with her son "did not occur on account of the membership in the claimed particular social group." There was no nexus under either the "one central reason" standard for asylum or "a reason" standard for

4                                                      23-2343

withholding of removal.

**PETITION DENIED.**