**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRENDA KARINA VILLAZANA
CUEVAS; L. A. G. V.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2707

Agency Nos.
A215-822-526
A215-822-527

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and BADE and SUNG, Circuit Judges.

Brenda Karina Villazana Cuevas ("Petitioner") and her minor son[1] are

citizens of Mexico who petition for review of a Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The minor child is a derivative beneficiary of Villazana Cuevas's applications for relief.

("BIA") decision affirming the Immigration Judge ("IJ") (collectively, the "agency"), denying Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quotation marks omitted). We review the BIA's factual findings for substantial evidence, and review both purely legal questions and mixed questions of law and fact de novo. *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020).

**1. Particular Social Group Determination.** The agency reasonably concluded that Petitioner's proposed particular social group of "Mexican individuals who openly refuse gang demands" lacks both the requisite social distinction and particularity. Social distinction is determined "by the perception of the society in question, rather than by the perception of the persecutor." *Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020) (quotation marks omitted). The social distinction of a group should ordinarily be proved through objective evidence about societal views, rather than the unsupported testimony of even a credible individual. *Id.* at 982.

The BIA reasonably found Petitioner's group "overbroad and diffuse as it encompasses wide segments of Mexico's population which have few unifying

characteristics." On appeal, Petitioner fails to point to evidence that would compel the conclusion that the BIA's finding was erroneous. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

Petitioner similarly fails to point to evidence that Mexican society views her proffered particular social group as a distinct group. Petitioner asserts that the Mexican government's efforts to fight gang violence supports her claim that Mexican society sees "Mexican individuals who openly refuse gang demands" as a distinct group within Mexican society. But Petitioner does not provide further support for this claim. *Diaz-Torres*, 963 F.3d at 982 ("[T]he social distinction inquiry encompasses principles that will ordinarily demand some type of corroborative, objective evidence.").

**2. Nexus Determination.** Petitioner's alternative challenge to the BIA's determination that Petitioner failed to demonstrate a nexus between her proposed particular social group and her claimed past or feared future persecution also fails. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The agency here properly applied the "one

central reason" test in denying Petitioner's asylum claim, *see Matter of J-B-N- & S-M-*, 24 I.&N. Dec. 208, 214 (B.I.A. 2007), and the "a reason" test for denying her withholding of removal claim on nexus grounds, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (explaining that the withholding statute uses only "a reason" in contrast to the asylum statute which states "one central reason").

Substantial evidence supports the agency's reasonable conclusion that Petitioner did not "meaningfully identify any specific testimony or evidence that the feared individuals were . . . inclined to harm her on account of her proposed particular social group membership." Petitioner does not point to evidence that would compel reversal of the BIA's conclusion that the individuals Petitioner fears "sought her out because . . . she was operating a small store, and they thought that she would have sufficient money to pay extortion demands and the ransom demand [for her] husband." *See Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004) (precluding relief when persecution is "solely on account of an economic motive"). Petitioner's conclusory assertion that "[b]ut for her proposed group, gang members would not have continued to continually persecute her," is insufficient evidence to compel a contrary conclusion. *Rodriguez-Zuniga*, 69 F.4th at 1018.

**3. Convention Against Torture Determination.** Before an applicant can be granted protection under the Convention Against Torture, the applicant "must

show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (citing *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001)); *see also* 8 C.F.R. § 208.16(c)(2). A showing of past torture does not give rise to a presumption of future torture, but past torture is one factor to consider in determining whether there is a clear likelihood of torture. 8 C.F.R. § 1208.16(c)(3)(i).

The BIA reasonably concluded that Petitioner failed to show that it is more likely than not that she will be tortured by or with the acquiescence of the Mexican government. Petitioner conceded that she did not seek the assistance of the Mexican government. Petitioner does not challenge that although the Mexican government is not always successful, it has taken steps to combat crime and violence. The BIA also correctly determined that Petitioner failed to identify any specific evidence indicating that the people she fears act with any degree of state consent or acquiescence.

Regarding her fear of torture from alleged gang members, Petitioner argues that the IJ erred in finding her past experiences did not rise to the level of torture. The BIA, however, did not rely on this finding in its decision. Consequently, this issue is not properly before us. "In reviewing the decision of the BIA, [the court] consider[s] only the grounds relied upon by that agency." *Santiago-Rodriguez v.*

*Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (quotation marks omitted).

**PETITION DENIED.**