NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIANO MEZA-ATIENZO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-71643

Agency No.
A 074-414-655

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[***]

Petitioner Luciano Meza-Atienzo, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") decision upholding an

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the BIA's factual findings under the highly deferential substantial evidence standard, and review both purely legal questions and mixed questions of law and fact de novo. *See Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020). "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (asylum) and *Flores-Vega v. Barr*, 932 F.3d 878, 886–87 (9th Cir. 2019) (withholding)). An asylum applicant must demonstrate that a protected ground was "at least one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i). A withholding of removal applicant, on the other hand, must prove only that a cognizable protected ground is "a reason" for future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017).

1. Substantial evidence supports the BIA's determination that Meza-Atienzo is not eligible for asylum and withholding of removal. Meza-Atienzo failed to identify a nexus between any alleged past persecution or fear of future persecution and a protected ground. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims" (citation omitted)). The record shows that the Knights Templar gang members targeted Meza-Atienzo's uncle for financial reasons and targeted Meza-Atienzo because he intervened in a violent confrontation when he tried to extricate his uncle from the attackers. Further, Meza-Atienzo testified that he believed his uncle was targeted by the gang members because he had money in his possession. Thus, the BIA did not err in finding that Meza-Atienzo was the victim of a private act of violence and that the attack was not motivated by a protected ground. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164–65 (9th Cir. 2017) (noting that purely personal retribution is not persecution on account of a protected ground).

As to Meza-Atienzo's claimed fear of future harm, the record supports the BIA's findings that he is not likely to face future harm if he returns to Mexico. Meza-Atienzo conceded that he has not "received any threats from Mexico" since coming to the United States. He also testified that he did not know whether the Knights Templar gang is currently looking for him. Meza-Atienzo currently has

family living in Mexico and testified that he did not know whether his family has had any problems.  Although he testified that his sister was the victim of a robbery by two hooded men and that his dad was afraid of selling his house in Michoacan because he fears being robbed, these events do not rise to the level of future persecution.  *Cf. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Given Meza-Atienzo's testimony and the passage of time since the violent incident occurred, the BIA did not err in finding a lack of nexus between the feared future harm and a protected ground.  Because the record supports the BIA's nexus determination, Meza-Atienzo's asylum and withholding of removal claims necessarily fail.[1]  *See Riera-Riera*, 841 F.3d at 1081.

2.  To qualify for CAT relief, Meza-Atienzo must show it is "more likely than not" that he will be tortured upon removal.  8 C.F.R § 1208.16(c)(2).  "Torture is 'more severe than persecution.'"  *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)).  Because Meza-Atienzo's claimed past harm and feared future harm do not rise to

---

[1]    Since the nexus requirement is dispositive of both asylum and withholding of removal claims, we need not review Meza-Atienzo's additional claims.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

the level of persecution, they "necessarily fall[] short of the definition of torture." *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021).

**PETITION DENIED.**