NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE AMILCAR ORTEGA-ALVAREZ, | No. 18-70596 |
| Petitioner, | Agency No. A208-282-084 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026**
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Petitioner Jose Amilcar Ortega-Alvarez, a native and citizen of El Salvador,

timely seeks review of a Board of Immigration Appeals' ("BIA") decision

affirming an immigration judge's ("IJ") denial of Petitioner's applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Where, as here, the BIA both incorporates the IJ's findings and provides its own analysis, we review both decisions.  Bhattarai v. Lynch, 835 F.3d 1037, 1042 (9th Cir. 2016).  We review for substantial evidence the factual findings underlying the denial of Petitioner's applications and review de novo questions of law.  Id.  We deny the petition for review.

1.  Substantial evidence supports the BIA and IJ's finding that Petitioner's proposed particular social group of "young, Salvadoran males whose parents are in the United States" lacks social distinction.  Therefore, the proposed particular social group is not cognizable.  See Conde Quevedo v. Barr, 947 F.3d 1238, 1242 (9th Cir. 2020) (describing the requirements for a particular social group, and noting that whether a particular social group is cognizable is a question of law, but the agency's finding regarding social distinction is a question of fact).  The record does not compel the finding that Petitioner's proposed particular social group is recognized as socially distinct by society in El Salvador.  See id. at 1243–44 (analyzing evidence that would reflect social distinction).  Petitioner testified that gang members targeted him because his parents were sending him money from the United States.  But evidence that persecutors target a group is insufficient, by itself, to establish that the group is socially distinct.  Cordoba v. Barr, 962 F.3d 479, 482–83 (9th Cir. 2020).

Petitioner proffers before us an alternative particular social group: "El Salvador[an] males, who support the rule of law, and oppose supporting or joining gangs." Petitioner also claims, relatedly, that he fears persecution on account of his "political opinion against gang activity." Petitioner exhausted those purported grounds for asylum before the BIA by arguing that he feared persecution due to his opposition to gangs. See Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023) (describing the requirements for administrative exhaustion). Gang members tried to recruit Petitioner, and he fears persecution because he refused to join them. But, as both the BIA and IJ concluded, Petitioner's "generalized opposition to gangs and gang recruitment," Henriquez-Rivas v. Holder, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc), without significant action in furtherance of such opposition, is not a cognizable ground for asylum, see Barrios v. Holder, 581 F.3d 849, 856 (9th Cir. 2009) (holding that refusal to join a gang is not, by itself, a protected ground), as amended, abrogated in part on other grounds by Henriquez-Rivas, 707 F.3d at 1093.

Petitioner has not shown that he belongs to a cognizable protected group, so he cannot establish that he is eligible for asylum. See Henriquez-Rivas, 707 F.3d at 1083.

2. Substantial evidence supports the BIA and IJ's denial of Petitioner's application for withholding of removal for the same reasons the agency denied his

asylum claim. See Ramirez-Munoz v. Lynch, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

3. Finally, substantial evidence supports the BIA's and IJ's denial of Petitioner's CAT claim because Petitioner failed to show that he would more likely than not be tortured with the government's acquiescence if returned to El Salvador.[1] See Dhital v. Mukasey, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (stating the requirements for a CAT claim). Petitioner claims that the government of El Salvador cannot control gang violence. But evidence that the "government has been generally ineffective in preventing or investigating" gang violence does not, by itself, raise an inference that the government is likely to acquiesce in torture. Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED.**

---

[1] Contrary to Petitioner's assertion that the IJ denied Petitioner's CAT claim "based on the credibility finding," the IJ found Petitioner credible, and the IJ and BIA ruled on the merits of Petitioner's CAT claim. Accordingly, we review the agency's decision for substantial evidence.