**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIGLER LOPEZ-PALACIOS; DORIS MERIDA-MERIDA; M. L. M.; E. L. M., | No. 25-455 |
| Petitioners, | Agency Nos. A220-939-600 A220-939-601 A220-939-602 A220-939-603 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Vigler Lopez-Palacios ("Lopez"), his wife Doris Merida-Merida ("Merida"),

and their two minor children, M.L.M. and G.L.M., citizens and nationals of

Guatemala, petition for review of a decision of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") dismissing their appeal of an immigration judge's ("IJ") (collectively, the "Agency") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review the BIA's legal determinations de novo and factual determinations for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition.

1.  Substantial evidence supports the Agency's denial of Petitioners' claims for asylum and withholding of removal because Petitioners failed to establish a nexus between the past harm they experienced from encounters with gang members and a protected ground.[2] Lopez testified that Mara-18 and MS-13

---

[1] Merida, M.L.M., and G.L.M. are listed as derivative beneficiaries of Lopez's asylum application. Merida and the two minor children also filed their own applications for asylum, withholding of removal, and CAT protection, based on the same material facts as Lopez's applications.

[2] Petitioners argue that the BIA applied the wrong standard of review to the IJ's nexus determination when it stated that the IJ "did not clearly err in finding that the respondents' fear did not relate to a protected ground." Read in context, however, it is clear that the BIA's statement pertains only to the IJ's factual finding that the criminals were motivated by pecuniary gain, and that the BIA applied de novo review to the IJ's ultimate nexus determination. *Cf. Umana-Escobar v. Garland*, 69 F.4th 544, 552–53 (9th Cir. 2023).

gang members had threatened to hurt his family unless he paid them. Yet, as the Agency determined, Lopez's testimony showed that every interaction with the gangs involved only demands for money. Substantial evidence thus supports the Agency's finding that Petitioners "did not demonstrate that the gang members who sought to extort money from [them] . . . were motivated by anything other than economic interest." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019, 1023 (9th Cir. 2023); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a noncitizen's "desire to be free from . . . random violence by gang members bears no nexus to a protected ground").

The record does not compel the conclusion that Petitioners were targeted on account of their political opinion or membership in the particular social groups of "Guatemalans who resist gang violence," "Guatemalan small business owners," and "Guatemalan small business owners who do not comply with gangs." Indeed, they complied with Mara-18's demands and did not communicate anti-gang political opinions to gang members. "[W]here, as here, the agency concludes that the petitioner[s] ha[ve] not shown *any* nexus whatsoever, then the petitioner[s] fail[] to establish past persecution for both asylum and withholding." *Rodriguez-Zuniga*, 69 F.4th at 1018.

2.    Even if Lopez and Merida established that they experienced past harm as children on account of their race, substantial evidence supports the Agency's

determination that any presumption of a well-founded fear of future persecution is rebutted by a fundamental change in circumstances. *See Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010). Lopez and Merida testified that guerilla forces targeted their Indigenous Mayan Mam families during the Guatemalan Civil War. But Petitioners are now several decades removed from that harm, and the record does not support their contention that the guerilla forces who targeted their families remain active in the country or have any ongoing interest in harming Petitioners.[3]

      3.     Petitioners failed to exhaust their challenge to the IJ's denial of humanitarian asylum before the BIA. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (explaining that administrative exhaustion requires claims "to have first been raised in the administrative proceedings below and to have been sufficient to put the BIA on notice of what was being challenged" (citation omitted)). We therefore do not consider these unexhausted arguments. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the administrative exhaustion requirement is mandatory when the government has properly raised it).

---

[3] Petitioners argue that the IJ disregarded country conditions evidence showing that Indigenous peoples continue to face a greater risk of generalized violence in Guatemala. But that evidence does not compel the conclusion that guerrilla forces would harm Petitioners in the future because of their race. *See* 8 C.F.R. § 1208.13(b)(1) (providing that an applicant is presumed to have a well-founded fear only "on the basis of the original claim").

4.      Substantial evidence supports the Agency's determination that Petitioners are ineligible for CAT protection. Petitioners offered only "[g]eneralized evidence of violence and crime" in Guatemala, but CAT eligibility requires evidence "that it is more likely than not that [Petitioners] will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).[4]

**PETITION DENIED.**[5]

---

[4] Petitioners argue that the BIA erred by not addressing the disfavored group claim they raised to the IJ. As the BIA adopted the IJ's decision, citing *Matter of Burbano*, it adopted the IJ's disfavored group determination. *See Cordoba*, 962 F.3d at 481. Petitioners do not make arguments related to, and thus forfeit, any challenge to the merits of that determination. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (stating that issues not "specifically and distinctly" argued in the opening brief are forfeited (citation omitted)).

[5] The temporary stay of removal remains in place until issuance of the mandate. The motion for stay of removal (Dkt. No. 1) is otherwise DENIED.